I respectfully disagree. If there is an imaginable set of facts that constitute "plainly prejudicial error," it is the very set of facts here under review. This closing argument, appealing to the personal monetary interest of the jurors, was inexcusable under any theory, including the "answer in kind" contention advanced by Appellee. It is no satisfactory answer to say, as the majority holds, that Appellant should have moved for a mistrial, or, failing that, he should have objected to the argument with a request for curative instructions. This type argument clearly falls within the "you can't unring a bell or unfry an egg" category. To require either an objection or a motion for mistrial forces the victim of this unwarranted, prejudicial tactic into a "no win" situation and rewards the wrongdoer rather than imposes a sanction.